UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION DIVISION

| | |
|---|---|
| KYLE VOTTERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN SIROKY, individually, and in his official capacity as a Code Enforcement Officer for the City of Portage, Indiana, | ) ) ) ) |
| | ) |
| SUE I. LYNCH, individually, and in her official capacity as Mayor of the City of Portage, Indiana, | ) ) ) |
| | ) CASE NO. 23-cv-225 |
| DEB PODGORSKI, individually, and in her official capacity as President of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| SCOTT WILLIAMS, individually, and in his official capacity as Vice President of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| GINA GIESE-HURST, individually, and in her official capacity as a member of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| PATRICK CLEM, individually, and in his official capacity as a member of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| BRIAN GULLEY, individually, and in his official capacity as a member of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| COLLIN CZILLI, individually, and in his official capacity as a member of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| FERDINAND ALVAREZ, individually, and in his official capacity as a member of the Portage, Indiana, City Council, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**
**(Violation of First Amendment Rights)**

Plaintiff Kyle Vottero, by counsel, brings this action for declaratory judgment, injunctive relief, and damages, against the Defendants pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for unlawfully infringing his right to freedom of speech, as guaranteed and protected by the First Amendment to the United States Constitution, while acting under color of state law.

## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Kyle Vottero ("Vottero") is a citizen of the United States, and at all relevant times, has resided in Portage, Indiana, within the geographic boundaries of the Northern District of Indiana.

2. Defendant John Siroky ("Miller") is a Code Enforcement Officer in the Portage Code Enforcement Department, and at all relevant times, performed his duties within the geographic boundaries of the Northern District of Indiana.

3. Defendant Sue I. Lynch ("Lynch") is the Mayor of the City of Portage, Indiana ("the City"), and at all relevant times performed her duties within the geographic boundaries of the Northern District of Indiana.

4. Defendant Deb Podgorski ("Podgorski") is the President of the Portage City Council ("Council"), and at all relevant times has held that office, and exercised her duties within the geographic boundaries of the Northern District of Indiana.

5. Defendant Scott Williams ("Williams") is the Vice President of the Council, and at all relevant times has held that office, and exercised his duties within the geographic boundaries of

-2-

the Northern District of Indiana.

6. Defendant Gina Giese-Hurst ("Giese-Hurst") is a member of the Council, and at all relevant times has held that office, and exercised her duties within the geographic boundaries of the Northern District of Indiana.

7. Defendant Patrick Clem ("Clem") is a member of the Council, and at all relevant times has held that office, and exercised his duties within the geographic boundaries of the Northern District of Indiana.

8. Defendant Brian Gulley ("Gulley") is a member of the Council, and at all relevant times has held that office, and exercised her duties within the geographic boundaries of the Northern District of Indiana.

9. Defendant Collin Czilli ("Czilli") is a member of the Council, and at all relevant times has held that office, and exercised his duties within the geographic boundaries of the Northern District of Indiana.

10. Defendant Ferdinand Alvarez ("Alvarez") is a member of the Council, and at all relevant times has held that office, and exercised her duties within the geographic boundaries of the Northern District of Indiana.

11. The City is a political subdivision of the State of Indiana, and is located in Porter County, Indiana, within the geographic boundaries of the Northern District of Indiana.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202.

13. All events giving rise to this action occurred in within the geographic boundaries of the Northern District of Indiana, making venue proper in this Court.

## II. Factual Allegations

14. Vottero owns a home at 2833 Winterberry Road in Portage, Indiana.

15. Following the 2020 election, Vottero, in protest against the election, and certain actions by his HomeOwners Association ("HOA") began to fly a 3' x 5' flag outside his home.

16. The sign contained the following words:

### "F**K JOE BIDEN and HOA"

17. On June 28, 2023, Vottero received a letter, signed by Sirocky, from the City's Code Enforcement Department.

18. Sirocky's letter stated that "[s]igns, including flags, with obscene language are not permitted [and] there is a flag with obscene language being displayed at your property[.]"

19. Sirocky included a copy of the ordinance, and a photograph of Vottero's flag.

20. Section 90-6.42 of the City's Ordinances ("Prohibited Sign Ordinance") prohibits "signs or other advertising structure containing and obscene, indecent, or immoral matter."

21. In his letter, Sirocky stated that, "[t]o avoid further action, please remove the flag from public view no later than July 2, 2023. Failure to do so will leave the City of Portage no choice but to pursue all avenues to remedy the situation including the issuance of fines/citations and/or other legal action."

22. Sirocky also said that Vottero would "be responsible for any and all costs incurred."

## III. Legal Allegations

### Count One:  Request for Declaratory Relief – City of Kokomo
### (First Amendment Violation)

23. Plaintiff restates each and every allegation in the preceding paragraphs as though fully

set forth herein.

24. The First Amendment to the United States Constitution, made applicable to the States by the 14th Amendment, prohibits the government from "abridging the freedom of speech[.]" U.S. Const. Amend. I.

25. The flag Vottero has chosen to display does not "fall within those relatively few categories of instances where prior decisions have established the power of government to deal more comprehensively with certain forms of individual expression simply upon a showing that such a form was employed." *Cohen v. California*, 403 U.S. 15, 19–20 (1971).

26. Vottero' flag is neither obscene nor indecent, because it is not erotic. *Cohen*, 403 U.S. at 20.

27. Vottero' flag constitutes core political speech, which is afforded the broadest protection by the First Amendment. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346 (1995).

28. The Prohibited Sign Ordinance, as applied to *political* speech, is facially invalid.

29. The attempted enforcement of the Prohibited Sign Ordinance with respect to core political speech creates a substantial chilling effect on the exercise of free speech in the City.

30. "[A] statute which chills speech can and must be invalidated where its facial invalidity has been demonstrated. *Citizens United*, 558 U.S. at 336.

WHEREFORE, Plaintiff Kyle Vottero, by counsel, respectfully requests that the Court declare the Prohibited Sign Ordinance to be unconstitutional as applied to political speech.

### Count Two: Request for Injunctive Relief – City of Portage

31. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

32. The Prohibited Sign Ordinance violates the Freedom of Speech clause of the First Amendment to the United States Constitution.

33. Enforcement of the Sign Ordinance with respect to core political speech would create a substantial chilling effect on Vottero, and other City residents, that would inhibit their exercise of free speech.

WHEREFORE, Plaintiff Kyle Vottero, by counsel, respectfully requests the Court to issue a permanent injunction against the City of Portage prohibiting the City from taking any action to enforce the Prohibited Sign Ordinance with respect to any form of expression constituting political speech.

### Count Three: Deprivation of Rights Under Color of State Law by Sirocky (42 U.S.C. § 1983)

34. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

35. Sirocky's actions deprived Vottero of his right to freedom of speech by alleging that Vottero was violating the Prohibited Sign Ordinance, and threatening him with substantial fines and other costs if Vottero did not remove his flag.

36. Sirocky's actions were taken under color of state law, in that, at the time of the actions, Sirocky was exercising authority conferred on him by the City, which is a political subdivision of the State of Indiana.

37. Sirock's actions were intentional, willful, and in reckless disregard for Plaintiff's rights.

38. As a result of Sirocky's unlawful actions, Vottero suffered, and continues to suffer,

damages, including but not limited to, emotional distress, humiliation, embarrassment, damage to reputation, and legal expenses.

**Count Four: Deprivation of Rights Under Color of State Law by Lynch (42 U.S.C. § 1983)**

39. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

40. As Mayor of the City of Portage, Lynch is the final policy-making authority with respect to enforcing the City's Ordinances.

41. Lynch deprived Vottero of his right to freedom of speech, by causing Vottero to receive a letter alleging that Vottero was violating the Sign Ordinance, and threatening him with substantial fines if Vottero did not remove his flag.

42. Lynch's actions were taken under color of state law, in that, at the time of the actions, Moore was exercising authority conferred on her by her election as Mayor of the City of Portage, which is a political subdivision of the State of Indiana.

43. Lynch's actions were intentional, willful, and in reckless disregard for Plaintiff's rights.

44. As a result of Lynch's unlawful actions, Vottero suffered, and continues to suffer, damages, including but not limited to, emotional distress, humiliation, embarrassment, damage to reputation, and legal expenses.

**Count Five: Deprivation of Rights Under Color of Law – Podgorski, Williams, Giese-Hurst, Clem, Gulley, Czilli, and Alvarez (42 U.S.C. § 1983)**

45. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

46. The Prohibited Sign Ordinance constitutes a custom, policy, or practice of the City.

47. Podgorski, Williams, Giese-Hurst, Clem, Gulley, Czilli, and Alvarez (collectively "the Council") constitute the final policy-making authority with respect to the enactment of the City's Ordinances.

48. Sirocky and Lynch acted pursuant to the Prohibited Sign Ordinance.

49. Defendants' actions based on the Sign Ordinance directly resulted in depriving Vottero of his right to freedom of speech, and therefore, the City of Portage is liable for Plaintiff's damages.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff Kyle Vottero, by counsel, respectfully prays that the Court provide him with the following relief:

50. Issue a permanent injunction prohibiting Defendants from applying the Prohibited Sign Ordinance to signs or other displays constituting political speech;

51. Enter a declaratory judgment that the Prohibited Sign Ordinance is unconstitutional as applied to political speech;

52. Order the individual defendants, jointly and severally, to pay Plaintiff compensatory damages in an amount sufficient to make him whole with respect to the emotional distress, humiliation, embarrassment, damage to reputation he has suffered;

53. Order the individual defendants, jointly and severally, to pay Plaintiff compensatory damages in an amount sufficient to deter future intentional unlawful actions by the Defendants;

54. Order all Defendants, jointly and severally, to pay Plaintiff's reasonable legal costs and attorney fees as allowed by law; and

55. Order all the Defendants, jointly and severally, to provide the Plaintiff all other relief to which he may be entitled.

Respectfully submitted,

*s/ Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:   317/231-5193
Direct Telephone:   317/899-9220
Facsimile Number:   317/982-5463
Email Address:   jaym@ecrls.com

## CERTIFICATE OF SERVICE

I certify that on July 2, 2023, the foregoing was filed electronically. Copies will be sent to all counsel of record by operation of the Court's ECM/CF system.

*s/ Jay Meisenhelder*
